**Alex Boon,** OSB 195761
alex@nwjp.org
**Corinna Spencer-Scheurich,** OSB 130147
corinna@nwjp.org
**D. Michael Dale**, OSB 771507
michaeldale@dmichaeldale.net
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KENNETH BROWN** and **TINISHA BRUCE**, *individuals*, | Case No.: 3:23-cv-1069 |
| Plaintiffs, | COMPLAINT |
| v. | Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*) |
| **THE GREEN REMEDY, LLC**, an Oregon Domestic Limited Liability Company, **HIGH DESERT FLOWER, INC**, an Oregon Domestic Business Corporation, **JUSTIN CROY**, an individual, and **CRAIG COMPTON**, an individual, | Oregon Wage and hour laws |
| | DEMAND FOR JURY TRIAL |
| Defendants. | |

## I. INTRODUCTION

1. Kenneth Brown and Tinisha Bruce ("Plaintiffs") brings this action against The

Green Remedy, LLC, an Oregon domestic limited liability company, High Desert Flower, Inc.,

COMPLAINT – 1

an Oregon domestic business corporation, Justin Croy, an individual, and Craig Compton, an individual. Plaintiffs seek to recover unpaid tips under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA"), as well as liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2.     Plaintiff also seek penalty damages for violations of Oregon wage and hour law under O.R.S. § 652.150 and attorney fees and costs under O.R.S. § 652.200.

## II. JURISDICTION

3.     Jurisdiction is conferred on this court by 29 U.S.C. § 216(b), as this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States; and 28 U.S.C. § 1337 as it arises under acts of Congress regulating commerce.

4.     Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction of the Plaintiffs' state law claims as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

5.     The Green Remedy ("the business") is a cannabis dispensary located in Portland, Oregon, in Multnomah County.

6.     Defendant Justin Croy is a natural person.

7.     Justin Croy was an owner of The Green Remedy, LLC until at least around April 2022.

8.     According to the Oregon Secretary of State, the Green Remedy LLC was administratively dissolved on October 13, 2022.

COMPLAINT – 2

9. Defendant The Green Remedy, LLC owned and operated the business until at least around April 2022.

10. Justin Croy owned and operated the business until at least around April 2022.

11. Justin Croy participated in day-to-day management of the business, including participation in personnel decisions.

12. Justin Croy exercised significant control over Plaintiffs' work for the business.

13. Justin Croy acted directly or indirectly in the interest of the business with respect to Plaintiffs' employment.

14. Justin Croy jointly employed Plaintiffs.

15. Defendant High Desert Flower, Inc. purchased the business in around April 2022.

16. After April 2022 and through the end of Plaintiffs' employment with the business, the business continued to operate under the same name, The Green Remedy.

17. High Desert Flower, Inc. operated the business from the time it acquired ownership of the business in around April 2022, and at least through the end of Plaintiffs' employment with the business.

18. Defendant Craig Compton is an owner of High Desert Flower, Inc.

19. Craig Compton participated in day-to-day management of the business, including participation in personnel decisions.

20. Craig Compton exercised significant control over Plaintiffs' work for the business.

21. Craig Compton acted directly or indirectly in the interest of the business with respect to Plaintiffs' employment.

22. Craig Compton jointly employed Plaintiffs.

COMPLAINT – 3

23.     Plaintiff Kenneth Brown is a natural person who was employed by the business from on or around March 24, 2022, until on or around May 12, 2022.

24.     Kenneth Brown was employed by the business as a budtender.

25.     Tinisha Bruce is a natural person who was employed by the business from around July 2021, until on around May 12, 2022.

26.     Tinisha Bruce was employed by the business as a budtender.

27.     Before around April 2022, Plaintiffs were employed by Defendants Justin Croy and the Green Remedy, LLC.

28.     Alternatively, Justin Croy is a successor in interest to Green Remedy, LLC.

29.     After around April 2022, Plaintiffs were jointly employed by Defendants High Desert, Inc. and Criag Compton.

30.     At all relevant times, Lorna Croy was the supervisor or manager of the business and had the power to fire, discipline, and instruct the business' employees.

## IV. FACTS

31.     During each work week of Plaintiffs' employment with the business, Plaintiffs were employed by an enterprise engaged in interstate commerce.

32.     During each work week of Plaintiffs' employment with the business, Plaintiffs were engaged in interstate commerce.

33.     In each week of Plaintiffs' employment with the business, Plaintiffs received tips from customers for their work as budtenders.

34.     Customers typically, if not always, placed tips into a tip jar, and did not directly tip budtenders.

35.     Throughout the the course of Plaintiffs' employment with the business, Plaintiffs

COMPLAINT – 4

worked under the supervision of Lorna Croy at the business.

36. When working at the business Lorna Croy did not regularly work directly with customers.

37. When either Plaintiff worked under Lorna Croy's supervision at the business, she took a per capita share of tips from the employee tip jar, regardless of whether she worked directly with customers or not.

38. Throughout the course of Plaintiffs' employment with the business, Lorna Croy's primary duty was to manage the business.

39. Throughout the course of Plaintiffs' employment with the business, Lorna Croy customarily and regularly directed the work of the business' employees, including work performed by Plaintiffs.

40. Throughout the course of Plaintiffs' employment with the business, Lorna Croy had the authority to hire and fire employees; or, her suggestions and recommendations as to the change of status of other employees was given particular weight.

41. Throughout the course of Plaintiffs' employment with the business, Lorna Croy was a "manager or supervisor" for purposes of 29 U.S.C. § 203(m)(2)(B).

42. Under 29 U.S.C. § 203(m)(2)(B), an "employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

43. Throughout Plaintiffs' employment, Defendants kept tips received by their employees, including tips received by Plaintiffs, by allowing managers or supervisors to keep a portion of employees' tips.

44. Throughout Plaintiffs' employment, Defendants allowed at least one manager or

supervisor to keep tips received by their employees, including tips received by Plaintiffs.

45. Defendants unlawfully kept tips to which employees were entitled in violation of the Fair Labor Standards Act.

46. On or around November 15, 2022, Plaintiffs, through counsel, sent a written demand for Plaintiffs' wages to the above-named corporate defendants.

47. To date, Defendants have not paid Plaintiffs their wages.

## V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA

48. Defendants violated 29 U.S.C. § 203 (m)(2)(B) when they allowed Lorna Croy to keep a portion of Plaintiffs' tips.

49. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all tips that were unlawfully kept by Defendants; and additional, equal amounts as liquidated damages; as well as attorney fees and costs.

### Second Claim – Violation of Oregon Timely Payment of Wages Law

50. Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

51. Defendants' failure to pay Plaintiffs all of their wages after termination was willful.

52. Plaintiffs are entitled, under O.R.S. § 652.150 to recover penalty damages in an amount equal to 240 times their final hourly rate of pay, as well as reasonable attorney fees and costs.

53. Plaintiffs are entitled to recover reasonable attorney fees and costs pursuant to O.R.S. § 652.200.

COMPLAINT – 6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs their unpaid wages pursuant to 29 U.S.C. §§ 203(m) and 216(b);

2. Award Plaintiffs liquidated damages under 29 U.S.C. § 216(b);

3. Award Plaintiffs' civil penalties under ORS 652.150 for Defendants' failure to timely pay them their wages;

4. Find that Plaintiffs are the prevailing party and award Plaintiffs' reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b) and O.R.S. § 652.200; and

5. Award such other relief that the court deems just and proper.

Respectfully submitted this 21st day of July, 2023.

/s Alex Boon

Alex Boon, OSB #195761
alex@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
 Attorney for Plaintiffs

COMPLAINT – 7